| FILED | LODGED |
|---|---|
| CLERK, U.S. DISTRICT COURT | CLERK, U.S. DISTRICT COURT |
| 5/17/2021 | MAY 17 2021 |
| CENTRAL DISTRICT OF CALIFORNIA | CENTRAL DISTRICT OF CALIFORNIA |
| BY: DTA DEPUTY | BY: RS DEPUTY |

EDWIN R. INGA
1231 West Blvd. Apt #303
Los Angeles, CA 90019
IN PRO PER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDWIN R. INGA,<br><br>Plaintiff,<br>vs.<br><br>INNOVATIVE SPORTS MANAGEMENT, INC., dlb/a INTEGRATED SPORTS MEDIA;THOMAS P RILEY LAW OFFICES,<br>Defendants | CASE NO. 2:21-CV-04146-UA<br><br>COMPLAINT<br><br>**2:21-CV-04146-RGK-SHKx** |

Plaintiff, Edwin R. Inga, an individual, on his own behalf, pleads as follows

against Defendants Innovative Sports Management Inc, d./b/a Integrated Sports Media; Thomas P

Riley Law Offices; collectively referred to herein as "Defendants."


JURISDICTION AND VENUE


1. The Complaint alleges claims for relief arising under the Racketeering and Corrupt Practices

Act, 18 U.S.C. §§ 1961(1)(B), 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343. This Court

has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331,

1338.

2. The Court has personal jurisdiction over Defendant Innovative Sports Management Inc, d./b/a Integrated Sports Media because Defendant Riley and Defendant Innovative Sports Management Inc, d./b/a Integrated Sports Media reside and work in California. The Court has personal jurisdiction over Defendant Thomas P Riley Law Offices, because it is a registered California Law Office.

3. The Court has personal jurisdiction over all of the other Defendants because Defendants Innovative Sports Management Inc, d./b/a Integrated Sports Media; Thomas P Riley Law Offices had contacts with and within California, pursuant to F.R.C.P. 4, through their filing, involvement with sending mail to California, sending emails to people or businesses in California, making telephone calls to people and businesses in California, and transacting business in California.

4. The Court has supplemental jurisdiction over the state law claims alleged in the Complaint as the claims are so related to the claims for which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United states Constitution, pursuant to 28 U.S.C. 15 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 15 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this District and because Defendants Innovative Sports Management Inc, d./b/a Integrated Sports Media; Thomas P Riley Law Offices live and/or conduct business in this District.

THE DEFENDANTS

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Thomas P Riley is a licensed California attorney whose legal practice primarily, if not solely, includes filing

complaints under the "USC CODE and Copyrights Law, Plaintiff is informed and believes, and thereon alleges that Defendant Riley is the President or Owner of Defendant Thomas P Riley Law Office.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Thomas P Riley Law Office is a California Professional Business which does business at 1114 Fremont Ave, South Pasadena, CA 91030 and which is involved in filing complaints alleging violations of the USC CODE. Plaintiff is informed and believes, and thereon alleges, that approximately 50 of Defendant Thomas P Riley Law Office's USC CODE filings have taken place in this judicial district.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant Thomas P Riley Law Office is a licensed California business whose legal practice includes filing complaints under the USC CODE.

9. Plaintiff is informed and believes, and thereon alleges, that Innovative Sports Management Inc, d./b/a Integrated Sports Media 15900 Sunset Blvd # 4, Pacific Palisades, CA 90272. Plaintiff is informed and believes, and thereon alleges, that many of Defendant Rileys's USC CODE filings with same plaintiff have taken place in this judicial district.

10. Plaintiff is informed and believes, and thereon alleges, that Innovative Sports Management Inc, d./b/a Integrated Sports Media 15900 Sunset Blvd # 4, Pacific Palisades, CA 90272. Plaintiff is informed and believes, and thereon alleges, that many of Defendant Rileys's USC CODE filings with same plaintiff have taken place in this judicial district.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Thomas P Riley Law Office is a licensed California business whose legal practice includes filing complaints under the USC CODE.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant Thomas P Riley Law

Office is a licensed California business whose legal practice includes filing complaints under the USC CODE.

GENERAL ALLEGATIONS

The Conspiracy

13. Plaintiff is informed and believes, and thereon alleges, that all Defendants named herein, working for or with Defendants Thomas P Riley Law Offices have formed a criminal enterprise by using the "USC CODE" to institute actions based on same plaintiffs, false allegations of injury, and false allegations of standing to collect quick settlements from California businesses and citizens.

14. Plaintiff is informed and believes, and thereon alleges that each member of the criminal enterprise (as more fully described herein), helps to further the scheme to make money for all involved in the conspiracy at the expense of California businesses and citizens, most of whom as small business owners who cannot afford legal representation.

15. Plaintiff is informed and believes, and thereon alleges that for most businesses and business owners sued by Defendants Thomas P Riley Law Offices it is cheaper to settle than to litigate the merits of the action.

16. Plaintiff is informed and believes, and thereon alleges that knowing the propensity of small businesses to settle cases early to avoid distraction from their business vocation and costly litigation, Defendants have perverted the purpose of the USC CODE for their own greed and financial gain. Plaintiff is further informed and believes, and thereon alleges that, in fact, the evidence will show that the Defendants had no interest in having the businesses they sued undertake any improvements to become USC CODE compliant.

COMPLAINT

17. Plaintiff is informed and believes, and thereon alleges that the lawsuits initiated by the criminal enterprise herein lacked merit, are frivolous and vexatious because of the Defendants' many false assertions made in furtherance of their fraudulent litigation. Specifically, the Defendants' made false assertions regarding allegations of Federal copyrights law, visits to the California businesses, encountering of barriers, and further, false assertions conspiring with Defendants' plaintiff "Innovative Sports Management, Inc., d/b/a Integrated Sports Media" who is the named plaintiff in hundreds of cases brought by Thomas P Riley Law Offices across the country.

18. In California, approximately 200 businesses located in Los Angeles, and elsewhere in California allegedly violated copyrights between July 2018 and May 2019. Within the next year, all of those businesses would be sued by Defendants, purportedly on behalf of Innovative Sports Management, Inc., d/b/a Integrated Sports Media

19. The complaints in the approximately 200 lawsuits were identical, boiler-plate complaints, except for paragraph twenty, which contains the alleged USC CODE violations for each California business.

20. The Defendants alleged in their approximately 200 complaints, including the complaint filed against Plaintiff Inga's, "Tomboloco" California restaurant, that was allegedly violated copyrights laws

21. On 03/23/2018, one Defendant Innovative Sports Management Inc, d./b/a Integrated Sports Media  is claimed that Plaintiff Edward Inga dba Tomboloco Restaurant California, allegedly caused injuries as a result of copyrights violation (piracy).

22. Plaintiff and his restaurant, were sued on February 23, 2016, approximately 7 months after this alleged threat from Defendants.

23. The complaint in Exhibit 1 alleged USC CODE violations, Violation of Title 47 U.S.C.

Section 605, but almost all were found to be without merit.

25. Date of Game : Friday March 23, 2018, game Teams : Peru Vs. Croatia, Game Time : Was evening aprox.  8pm was a Friendly match and they where almost Closed for the day.

26. Defendant filed the complain : 03/20/2019

Parties : Innovative Sports Management Inc., d/b/a Integrated Sports Media V. Edwin R. Inga, Individual and d/b/a Tomboloco Peruvian Restaurant (Defendant)

27. Defendant accused Inga : They said that Mr. Inga Wrongful acts hereinafter complain of which violated the Plaintiff's Rights as Exclusive Commercial domestic distributor of the televised Soccer program, the Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversation of said property of Plaintiff in the State of California constituting an unfair business  practice.

28.Facts Why Inga thinks is not Guilty : He did Not sold any tickets for any soccer game or had any people in he's Restaurant at that time and they send a picture that I am with just one of my friends and was taken from my back that doesn't say I was charging or distributing or reproducing any program, this game I tough was in a regular program on cable I did not know that was a Pay Program.

29. Plaintiff is informed and believes, and thereon allege that Defendants have actively conspired, participated and agreed to join in aiding and abetting a racketeering enterprise whose activities affect interstate commerce within the meaning of 18 U.S.C. §§ 1961 (1) (B), 1341 and 1343 (relating to mail and wire fraud) and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through a pattern of racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Plaintiff, all in violation of 18 U.S.C. § 1962 (c) and (d).

COMPLAINT

THE CRIMINAL ENTERPRISE

51. All defendants lead and/or participated in the criminal enterprise.

52. Defendant Thomas P Riley Law Offices is still operating.

53. Plaintiff is informed and believes, and thereon alleges that all defendants derive earnings and income from the lucrative USC CODE sham litigation practices of the enterprise.

54. Plaintiff is informed and believes, and thereon alleges that Defendant or should know in the exercise of reasonable care as a licensed attorney of Law Group, that the USC CODE complaints filed by the Law Group contain falsities regarding the USC CODE plaintiff's visit to Tomboloco restaurant

55. Defendants have taken a significant role in joining and filing Defendants  numerous USC CODE complaints since approximately November 2016 to the present day. However, Plaintiff is informed and believes, and thereon alleges, that the ringleader, Defendant Ryley, still directs and performs the majority of the daily activities of Defendant Law Firm

59. Plaintiff is informed and believes, and thereon alleges, that Defendants ignored their duties of professional responsibility, including duty of candor to the Court, and for their own financial gain, agreed to participate in the criminal enterprise.

60. As a result, Plaintiff is informed and believes and thereon alleges that Defendants continued to offer and argue in court pleadings, court filings, correspondence with the USC CODE defendant,, false statements regarding visit to Tomboloco restaurant

FIRST CAUSE OF ACTION

Racketeer Influenced and Corrupt Practices Act

18 U.S.C. §§ 1961 (1) (B), 1962 (c), 1964 (a) and (c), 1341 and 1343

As to all Defendants

61. Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 60 above as though fully set forth herein.

62. Plaintiff is informed and believes, and thereon alleges, that all named Defendants have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of USC CODE lawsuits based on falsities in verified complaints in violation of the Racketeer Influenced and Corrupt Practices Act ("RICO").

63. Plaintiff is informed and believes, and thereon alleges, that all named Defendants have participated, and continue to participate, in a racketeering enterprise (the "Enterprise"), as defined in 18 U.S.C. § 1961 (4) by the forming of a "group of individuals associated-in-fact" to create schemes to defraud the public, and specifically to defraud Plaintiff as alleged herein.

64. Plaintiff is informed and believes, and thereon alleges, that the racketeering Enterprise advanced and further promoted the Defendants' wrongful acts and unlawful activities by unlawfully initiating, prosecuting and supporting false claims thereby deriving income directly or indirectly from a closed end pattern of criminal acts, constituting a racketeering activity.

65. Plaintiff is informed and believes, and thereon alleges, that Defendants are operating and benefiting with the income derived directly or indirectly from closed-end criminal acts that formed a pattern of racketeering activities and continues in an open-ended pattern of carrying on with the specified unlawful activities which affect interstate commerce.

66. Plaintiff is informed and believes, and thereon alleges, that the unlawful activities promoted and advanced by the group of individuals associated in fact constitute criminal acts (and

predicate acts) that advanced a pattern of racketeering activities as defined, and in violation of 18 U.S.C. §§ 1341 and 1343 (relating to mail and wire fraud), as alleged herein, and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through open-ended patterns of criminal acts which constitutes racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Plaintiff, all in violation of 18 U.S.C. § 1962 (c) and (d) as alleged herein.

67. Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1341 and 1343 continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail, telephone and internet services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants Riley and Riley Law Group, which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

68. Plaintiff is informed and believes, and thereon alleges, that the racketeering enterprise deprived Plaintiff of monies entitling plaintiff to damages pursuant to 18 U.S.C. § 1964(c).

MAIL FRAUD

69. Plaintiff is informed and believes, and thereon alleges, that commencing in approximately July 2015 to February 2017, all named Defendants devised a scheme or artifice to defraud the pubic, and principally, to defraud Plaintiff of money and property by means of false or fraudulent pretenses and representations.

70. Plaintiff is informed and believes, and thereon alleges, that Defendants, in their roles and involvement as alleged in this Complaint, periodically used the U.S. Mail to submit receipts, reports, signatures, verifications, declarations, complaints, discovery, correspondence, and

other documents containing false information ("Sham Documents") related to the litigation being prosecuted. Plaintiff is informed and believes, and thereon alleges, that the U.S. Mail was used to submit the Sham Documents by Defendants to each other, to Plaintiff and Plaintiff's counsel, to the Court, and to other members of the public in the course of litigating and prosecuting USC CODE cases.

71. Plaintiff is informed and believes, and thereon alleges, that the contents of the Sham Documents contained false statements in violation of law. Plaintiff is informed and believes, and thereon alleges, that the Sham Documents, at a minimum, included information that was used to falsely establish "Innovative Sports Management's" visits to California, his visits to specific

businesses in California, his encounter of barriers, and his intent to return in a sham effort to establish standing under the USC CODE. Further, Plaintiff is informed and believes and thereon alleges, that the Sham Documents included information falsely establishing the existence of Innovative Sports Management, and falsely establishing that the Defendants had any contact with Santiago

Abreu.

72. Plaintiff is informed and believes, and thereon alleges, that the false or fraudulent pretenses and representations were ultimately delivered to Plaintiff and the court through periodic documents or correspondence.

73. Plaintiff is informed and believes, and thereon alleges, that Defendants prepared the Sham Documents that contained the false pretenses and representations and submitted and delivered said Sham Documents to each other, Plaintiff, and the court by placing a true copy of the Sham Document in a sealed envelope addressed to one or more of Defendants, Plaintiff, Plaintiff's counsel, and the court.

74. Plaintiff is informed and believes, and thereon alleges, that Defendants then placed the envelope(s) for collection and processing for mailing in their normal course of business in which Defendants were familiar, the documents were then placed for collection and mailing and deposited in the ordinary course of business with the United States Postal Services, with postage fully prepaid. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them used the United States Postal Service to perpetrate their fraudulent schemes, all in violation of Title 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), and 1341.

75. For example, Defendant Ryley, as the owner of Defendant Law Group, mailed a copy of the complaint (Exhibit 1) and associated exhibits to Plaintiff.

78. Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. § 1341 for mail fraud continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

WIRE FRAUD

79. Plaintiff is informed and believes, and thereon alleges, that all named Defendants in their roles and involvement as alleged in this Complaint, periodically used U.S. wire services to submit the Sham Documents related to the litigation being prosecuted. Plaintiff is informed and believes, and thereon alleges, that U.S. wire services were used to submit the Sham Documents by Defendants to each other, to Plaintiff and Plaintiff's counsel, to the Court, and to other members of the public in the course of litigating and prosecuting USC CODE cases.

80. Plaintiff is informed and believes, and thereon alleges, that Defendants also used U.S. wire services to conduct telephone calls with each other, opposing counsel (including Plaintiff's counsel), witnesses, and the court to communicate false information for the advancement of the conspiracy as alleged herein.

81. Plaintiff is informed and believes, and thereon alleges, that Defendants also used U.S. wire services to submit electronic mail to each other, opposing counsel (including Plaintiff's counsel), witnesses and the court to communicate false information for the advancement of the conspiracy, Particularized Allegations of Wire Fraud Through Use of Interstate Electronic Communications

82. Defendants have filed numerous documents using the PACER-CM/ECF ("PACER") filing system (See activity in PACER). Plaintiff is informed and believes, and thereon alleges, that the PACER service center is located in San Antonio, Texas and is operated by the U.S. Party/Case Index server, also located there, where information about each case in each federal judicial district is maintained. Therefore, Plaintiff is informed and believes, and thereon alleges, that all documents filed by Defendants using PACER were each individual acts of wire fraud, wherein false statements were provided in interstate commerce through the use and facilitation of the PACER-CM/ECF system and for the purpose of carrying out the goals of the racketeering Enterprise as alleged herein.

85. Plaintiff is further informed and believes and thereon alleges, that Defendant Law Group has a registered domain name, web hosting and e-mail services.

86. Plaintiff is informed and believes, and thereon alleges, that throughout litigating the sham USC CODE lawsuits, all e-mail communications from Defendants Riley that were submitted on behalf of Defendants Thomas P Riley Law Offices through the firm defendants' email accounts,

traveled through interstate commerce via servers and data centers in and around the United States before reaching their intended recipient(s).

SECOND CAUSE OF ACTION

Conspiracy to Violate Racketeer Influenced and Corrupt Practices Act

18 U.S.C. §§ 1961 (1) (B), 1962 (d), 1964 (a) and (c), 1341 and 1343

As to all Defendants

107. Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 106 above as though fully set forth herein.

108. In violation of 18 U.S.C. § 1962(d), Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly, willfully, and unlawfully agreed to facilitate a scheme which included the, participation, agreement, operation and/or management of a RICO enterprise through a pattern of racketeering activity as alleged in Paragraphs 13 to 50 above.

109. Plaintiff is informed and believes, and thereon alleges, that each Defendant was aware of the objectives of the Enterprise and agreed and intended to participate in it as alleged in Paragraphs 51 to 60.

110. The conspiracy commenced at least as early as July 2015 and is ongoing.

111. The conspiracy's purpose is to divert money from California businesses and residents to the benefit of all Defendants and to facilitate the racketeering Enterprise as alleged in Paragraphs 13 to 106.

112. Each named and DOE Defendant committed at least one overt act in furtherance of such conspiracy as alleged in Paragraphs 13 to 60. These acts in furtherance of the conspiracy

include misleading federal courts in California, businesses and residents throughout California,

defendants in sham USC CODE litigation prosecuted by Defendants Law Group, PC sued in

order to confer standing to prosecute the false

USC CODE actions as alleged in Paragraphs 13 to 106.

113. Plaintiff is informed and believes, and thereon alleges, that each Defendant agreed to

participate and, in fact, did participate in the racketeering Enterprise as alleged in Paragraphs

51 to 60 with full knowledge of the scheme of the Enterprise and with the intent to

financially benefit from such scheme.

114. Each Defendant committed acts to further the conspiracy as alleged in Paragraphs 13

through 106. Such assistance included supporting primary violations of mail and wire fraud

which traveled in interstate commerce as alleged in Paragraphs 69 through 106.

115. To the extent that any named or DOE Defendant is determined to have not committed a

primary violation of 18 U.S.C. § 1962 (c) through commission of predicate acts of mail or

wire fraud in furtherance of the purposes of the racketeering Enterprise as alleged in

Paragraphs to 69 to 106, the Defendant(s) alternatively must be held liable for having

provided assistance to other primary participants of the racketeering Enterprise as alleged in

Paragraphs 51 through 60 above.

116. Such assistance is a violation of 18 U.S.C. § 1962 (d) in that the assistance of the primary

acts supported, facilitated, assisted, operated, and/or managed the functioning of the

racketeering Enterprise to defraud Plaintiff herein, by each named and DOE Defendant by

generating, providing, and advancing false information in the Sham Documents presented to

courts, defendants and opposing counsel.

117. Even if some of the Defendants did not agree to harm Plaintiff specifically, the purpose

of the acts they engaged in was to advance the overall object of the conspiracy, and the harm

to Plaintiff was a reasonably foreseeable consequence of Defendants' actions.

118. Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. §§ 1341 and 1343 for mail and wire fraud continues to this day in an open-ended pattern of criminal acts by the actions of the Enterprise in using mail and wire services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

119. The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in her business or property.

120. The racketeering activities and the conspiracy to commit such activities as set forth herein caused damage to Plaintiff in that the racketeering Enterprise deprived Plaintiff of monies in violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (c), 1341, and 1343.

121. The Defendants are each jointly and severally liable to Plaintiff for damages, costs and attorney's fees as alleged herein.

122. As a direct and proximate result of the actions of Defendants and each of them, Plaintiff has been damaged (including general and consequential damages) in an amount to be determined at trial, which includes, but is not limited to, financial losses and damages incurred as a result of Defendants' fraud uncovered throughout the course of the Prior Litigation, case number 1:16-cv-00432-MEH, filed in the District of California. Plaintiff's financial losses and damages as a result of Defendants' fraud includes, but is not limited to, amounts paid for investigative services to uncover the fraud of the enterprise, amounts paid to consultants, experts and contractors as a result of the false statements made by the enterprise, amounts paid for litigation costs and expenses incurred in defending against the false allegations made in the Prior Litigation, and attorney's fees incurred in defending

against the false allegations made in the Prior Litigation.

123. As a further direct and proximate result of the actions of Defendants and each of them per law, Plaintiff is entitled to triple damages for all harm caused to them.

124. As a further direct and proximate result of the actions of Defendants and each of them, due to their willful, malicious, despicable, fraudulent and unlawful actions, Plaintiff requests exemplary damages in the form of punitive damages in an amount according to proof at the time of trial.

125. As a further direct and proximate result of the actions of Defendants' acts, Plaintiff is entitled to interest on all consequential and general damages at the legal rate of 10% per annum, until judgment is collected, should Plaintiff prevail in this immediate action.

126. As a further direct and proximate result of Defendants' acts, Plaintiff is entitled to costs and reasonable attorney's fees according to proof at the time of trial for prosecuting this action.

THIRD CAUSE OF ACTION: California Organized Crime Control Act

C.R.S. 18-17-101 et seq.

Against All Defendants

127. Plaintiff incorporates by reference the allegations above in Paragraphs 1-126 as if repeated here.

128. By the actions described above, Defendant Plaintiff is informed and believes, and thereon alleges, that all named Defendants have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of USC CODE lawsuits based on

falsies in verified complaints in violation of the California Organized Crime Control Act ("COCCA").

129. Plaintiff is informed and believes, and thereon alleges, that all named Defendants have participated, and continue to participate, in a racketeering enterprise (the "Enterprise"), as

defined in C.R.S. § 18-17-103(2), by the forming of a "group of individuals associated-in-fact" to create schemes to defraud the public, and specifically to defraud Plaintiff as alleged

herein.

130. Plaintiff is informed and believes, and thereon alleges, that the racketeering Enterprise advanced and further promoted the Defendants' wrongful acts and unlawful activities by unlawfully initiating, prosecuting and supporting false claims thereby deriving income directly or indirectly from a closed end pattern of criminal acts, constituting a racketeering activity.

131. Plaintiff is informed and believes, and thereon alleges, that Defendants are operating and benefiting with the income derived directly or indirectly from closed-end criminal acts that formed a pattern of racketeering activities and continues in an open-ended pattern of carrying on with the specified unlawful activities which affect interstate commerce.

132. Plaintiff is informed and believes, and thereon alleges, that the unlawful activities promoted and advanced by the group of individuals associated in fact constitute criminal acts (and predicate acts, as defined in C.R.S. § 18-17-103(5)) that advanced a pattern of racketeering activities as defined, and in violation of 18 U.S.C. §§ 1341 and 1343 (relating to mail and wire fraud), as alleged herein, and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through open-ended patterns of

criminal acts which constitutes racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Plaintiff, all in violation of 18 U.S.C. § 1962 (c) and (d) as alleged herein.

133. Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1341 and 1343 continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail, telephone and internet services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants Riley and Riley Law Group, which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

134. Plaintiff is informed and believes, and thereon alleges, that the racketeering enterprise deprived Plaintiff of monies entitling plaintiff to damages under COCCA.

135. Defendants were involved in a pattern of racketeering activity by engaging in over two acts of racketeering activity that were related to the conduct of the enterprise.

136. Defendant's actions include, but are not limited to the following: Mail fraud (as alleged in Paragraphs 69-78), wire fraud (as alleged in Paragraphs 79-106). These are predicate acts of racketeering activity as defined in C.R.S. § 18-17-103(5)(a), and taken together constitute a pattern of racketeering activity in furtherance of the Defendant's Enterprise.

137. Defendant knowingly received proceeds from this pattern of racketeering activity to maintain in furtherance of the enterprise that they were operating.

138. These actions of racketeering are related in that they had the same purposes, participants, victims, and methods of commission. These actions of racketeering activity were conducted for the purpose of scaring small businesses with the threat of fraudulent litigation so that the businesses would pay the enterprise money to make the fraudulent litigation go away. These fraudulent actions were all brought by Defendants Riley Law Group, P.A., through the enterprise,

and all actions were commenced against

small businesses. These fraudulent actions were all brought with documents sent via

interstate mail service, utilizing various aspects of wire transfers, as detailed in Paragraphs

69-106.

139. All of the racketeering activities occurred in California after July 1, 1981, and the last of

these racketeering activities occurred within ten years after a prior act of racketeering

activity. The scheme began in California on or about July 2015 and continued at least until

Mr. Riley and his enterprise dropped the fraudulent action against Plaintiff (upon Plaintiff's

Counsel inquiring about deposing the non-existent plaintiff) on February 9, 2017.

140. The defendants knowingly participated, directly or indirectly, in this fraudulent litigation

enterprise through the pattern of racketeering.

141. As a direct and proximate result of this racketeering activity by Defendants, Plaintiff

suffered losses and other compensatory and consequential damages to be established at trial,

entitling Plaintiff to treble damages pursuant to C.R.S. § 18-17-106(7).


FORTH CAUSE OF ACTION

Abuse of Process

Against All Defendants


142. Plaintiff incorporates by reference the allegations above in Paragraphs 1-141 as if

repeated here.

143. Defendants had an ulterior motive in the use of judicial proceedings;

144. Defendants' willful actions in the use of that process were not proper in the regular

course of the proceedings;

145. Plaintiff suffered damages as a result of Defendants' willful actions; and

146. Defendants' legal action lacked a reasonable factual basis or cognizable basis in law.

147. Defendants' Prior Litigation was used to extort money out of small businesses rather than to remedy USC CODE violations and raise awareness of the USC CODE, as represented by Defendants in

those lawsuits.

148. Defendants used the Prior Litigation to get Plaintiff to pay $15,000 to Defendants in order for Defendants to dismiss the lawsuit.

149. The Prior Litigation alleged 14 violations of the USC CODE, many of which would have required significant and expensive repairs had they been valid allegations.

150. Instead, only 4 violations were valid and required minimal work and expense in order to repair.

151. Defendants asserted the 14, mostly significant, violations in order to scare Plaintiff into paying the money, rather than facing $75,000-$150,000 in penalties, for which Defendants claimed Plaintiff could be responsible. (See Exhibit 4).

152. Defendants had no intention to actually litigate the Prior Litigation any further than necessary to obtain money from Plaintiff and, upon Plaintiff's insistence that "Santiago Abreu" be deposed, Defendants immediately offered to dismiss the case without any proof of any remediation of Plaintiff's restaurant.

153. Plaintiff suffered significant damages as a result of Defendants' Abuse of Process. Such damages include, among those already delineated above, attorney's fees spent in defending the Prior Litigation and punitive damages, based on Defendants' malicious or willful and wanton conduct in bringing the Prior Litigation.

FIFTH CAUSE OF ACTION

Civil Conspiracy

Against All Defendants

154. Plaintiff incorporates by reference the allegations above in Paragraphs 1-153 as if repeated here.

155. Defendants Riley, Riley Law Group, P.A., Huff, Leslie, and Huff and Leslie, LLP entered into an unlawful plan and agreement to mislead and falsely accuse small business owners in California, including Plaintiff, by filing fraudulent lawsuits alleging violations of the USC CODE in order to extort settlement money out of the businesses in exchange for Defendants dropping the lawsuits.

156. Among the manifestations of the unlawful plan and agreement were the following: an agreement between Defendants Huff and Leslie, LLP and Riley Law Group, P.A. that "when Defendants Huff or Leslie were contacted by someone with a potential USC CODE case, Defendants Huff or Leslie would have a conversation with their "client" and "client's counsel in Florida." They would then "review photographs taken by the client and/or client's chaperone and send them to an USC CODE expert who would review the photographs and prepare a preliminary report and would charge Riley Law Group and/or Huff and Leslie, LLP $2500  for the preliminary report." (See Exhibit 4). Further details of how each case would be handled are contained in Exhibit 4, which was written by Defendant Huff and sent to Plaintiff's Counsel on September 14, 2016.

157. The agreement was furthered by one or more unlawful, overt acts intentionally performed by the conspirators, including the inception of case number 1:16-cv-00432-MEH and all subsequent litigation until the case's dismissal on February 9, 2017.

158. As a result of the actions of Defendants Jason Riley, Riley Law Group, PC, Brett Huff, Richard Leslie and Huff and Leslie, LLC, Plaintiff was physically, emotionally and financially harmed, particularly in that Plaintiff had to close his restaurant for approximately 2 years following being served with the Prior Litigation, and Plaintiff continues to suffer.

159. Plaintiff's injuries have resulted in damages and losses, including, without limitation: severe physical and mental pain and suffering; emotional distress, loss of life enjoyment and impairment of quality of life, all past and future; physical impairment, past and future; economic losses including lost profits, loss of business opportunities, loss of contract rights, hospitalization, medical, therapy and rehabilitation expenses, loss of earnings and earning capacity; injury to reputation; and damage to his career.

160. Plaintiff suffered the above-described injuries and damages as a proximate result of the defendants' conspiracy and unlawful actions; these injuries and damages were caused by acts of the conspirators who undertook to accomplish and complete the unlawful purposes of the agreement they had made.

SIXTH CAUSE OF ACTION

Fraud

Against All Defendants

161. Plaintiff incorporates by reference the allegations above in Paragraphs 1-160 as if repeated here.

162. Defendants made a false representation of past or present fact when filing the Prior Litigation and alleging 14 violations of the USC CODE, most of which were major alleged

violations that would require significant time and expense to repair;

163. The facts were material;

164. Defendants made the representations knowing they were false;

165. Defendants made the representations with the intent that Plaintiff rely on them;

166. Plaintiff relied on the representations of Defendants;

167. Plaintiff's reliance was justified; and

168. Plaintiff's reliance resulted in damages to Plaintiff.

169. In addition to the above damages Plaintiff seeks in this action, Plaintiff seeks actual damages, consequential damages, and non-economic damages, including mental and emotional suffering. Plaintiff further seeks punitive damages for Defendants' malicious intent in making the fraudulent claims in the Prior Litigation.

PRAYER FOR RELIEF

170. Plaintiff requests that this court enter judgment in Plaintiff's favor and against Defendants, and award to Plaintiff:

171. Payment of both economic and non-economic damages, as well as actual, consequential, and compensatory damages;

172. Payment of treble damages;

173. Payment of punitive damages;

174. Interest at the rate of 10% per annum;

175. Payment of attorneys' fees, including litigation expenses, and costs, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines.

176. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Defendants violates 18 U.S.C., § 1962 (c);

177. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Defendants violates 18 U.S.C., § 1962 (d);

178. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Defendants violates 18 U.S.C., § 1341;

179. Enjoining Defendants, and each of them, pursuant to 18 U.S.C., § 1964 (a) from further violations of 18 U.S.C., § 1962 by issuing appropriate orders, including, but not limited to: (1) ordering divestment of any interest, direct or indirect, in any enterprise; (2) imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in; and (3) ordering dissolution or reorganization of any enterprise

180. Any other relief deemed just, necessary and proper by this Court.


DEMAND FOR JURY TRIAL


Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.


Respectfully submitted.


DATED: 4 / 20 / 2021

Edwin Inga

EDWIN K. INGA
1231 WEST BLVD #303
LOS ANGELES, CA. 90019

E
2
Lo





CV

WARD R. ROYBAL FEDERAL BUILDING

55 EAST TEMPLE ST.

S ANGELES  CA. 90012-3332