EDWIN INGA
1231 WEST BLVD APT 303
LOS ANGELES CA 90018
IN PRO PER
(310)433-2544

FILED
2021 SEP -2 AM 10: 21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| EDWIN INGA, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>INNOVATIVE SPORTS MANAGEMENT INC, ET ALL<br><br>Defendants, | Case No.:21-CV-04146-RGK-SHKx<br>UNLIMITED JURISDICTION<br><br>**RESPONSE TO MOTION TO DISMISS OF DEFENDANT LAW OFFICE THOMAS P. RILEY**<br><br>DATE: 9/7/2021<br>TIME: 09:00 am<br>DEPT: 850, 8th floor<br><br>ASSIGNED TO FOR ALL PURPOSES:<br>HON. R. GARY KLAUSNER |

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully oppose the defendants' motion to dismiss. The complaint states a claim for Racketeer Influenced and Corrupt Practices Act 18 U.S.C. §§ 1961 (1) (B), 1962 (c), 1964 (a) and (c), 1341 and 1343

1

and the plaintiffs have standing to bring their claims, because Plaintiff actions threatens an immediate and irreparable harm denial of the plaintiffs' rights. The defendants' motion that this Court abstain from exercising its jurisdiction should also be denied because Plaintiff is abusing the process by bypassing the MEET AND CONFER requirement before filing a Motion to dismiss and abstention of the Court in seeing this case would simply delay protection of the plaintiffs' rights.

## FACTS

Plaintiffs brought this action for Racketeer Influenced and Corrupt Practices Act 18 U.S.C. §§ 1961 (1) (B), 1962 (c), 1964 (a) and (c), 1341 and 1343 knowing that Defendant is a profuse and suspicious litigant in all Los Angeles County where he filed hundreds of complaints for the same cause of actions and similar facts and allegations. This needs to stop. Thousands of families have been hurt by the Defendant in all these recent years and I myself have been damaged by Defendant wrongdoings.

Defendants have filed numerous documents using the PACER-CM/ECF ("PACER") filing system (See activity in PACER). Plaintiff is informed and believes, and thereon alleges, that the PACER service center is located in San Antonio, Texas and is operated by the U.S. Party/Case Index server, also located there, where information about each case in each federal judicial district is maintained. Therefore, Plaintiff is informed and believes, and thereon alleges, that all documents filed by Defendants using PACER were each individual acts of wire fraud, wherein false statements were provided in interstate commerce through the use and facilitation of the PACER-CM/ECF system and for the purpose of carrying out the goals of the racketeering Enterprise as alleged herein.

2

In violation of 18 U.S.C. § 1962(d), Plaintiff alleges, that Defendants knowingly, willfully, and unlawfully agreed to facilitate a scheme which included the, participation, agreement, operation and/or management of a RICO enterprise through a pattern of racketeering activity as alleged in the complaint.

Plaintiff alleges, that violation of 18 U.S.C. §§ 1341 and 1343 for mail and wire fraud continues to this day in an open-ended pattern of criminal acts by the actions of the Enterprise in using mail and wire services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

## ARGUMENT

## MEET AND CONFER BYPASSED BY DEFENDANT

A. Defendant bypassed the Meet and Confer stage trying to trick the system by sending letters that do not give any opportunity to Plaintiff to Meet and Confer. Defendant is very experienced in Federal Procedure and he tries to abuse as follows:

1) He dated and send his letter 7/28/2021

2) His proposal dates for meet and confer are :

12:30 pm; Thursday, July 29, 2021

2:30 pm•, Thursday, July 29, 2021

• 4:00 pm; Thursday, July 29, 2021

<u>9:30 am; Friday, July 23, 2021</u>

• 11:00 am; Friday, July 30, 2021

3

• 2:30 pm; Friday, July 30, 2021

3) Letter was placed on Plaintiffs mailbox on 7/29/2021

4) Defendant filed his motion on 7/30/2021

5) Defendant knows since he is experienced with these matters that the Meet and Confer won't be possible using this method that seeks to avoid the meeting. In summ he sends the letter one day before the meeting which makes the Meet and confer almost impossible. It is interesting to see that one of the dates is a past one (9:30 am; Friday, July 23, 2021)

B. Local Rule 7-3 requires in all cases not listed as exempt in Local Rule 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for TROs or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel or party to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Local Rules 7-4 gives the court discretion to decline to consider a motion unless it meets the

4

requirements of Local Rules 7-4 through 7-8. Therefore, you should argue that the court should decline to consider the 12b motion to dismiss.

## THE COMPLAINT STATES A CLAIM FOR RELIEF

The first ground for defendants' motion to dismiss is their contention that the complaint fails to state a claim for relief.

Plaintiffs brought this action for Racketeer Influenced and Corrupt Practices Act 18 U.S.C. §§ 1961 (1) (B), 1962 (c), 1964 (a) and (c), 1341 and 1343 knowing that Defendant is a profuse and suspicious litigant in all Los Angeles County where he filed hundreds of complaints for the same cause of actions and similar facts and allegations. This needs to stop. Thousands of families have been hurt by the Defendant in all these recent years and I myself have been damaged by Defendant wrongdoings.

Defendants have filed numerous documents using the PACER-CM/ECF ("PACER") filing system (See activity in PACER). Plaintiff is informed and believes, and thereon alleges, that the PACER service center is located in San Antonio, Texas and is operated by the U.S. Party/Case Index server, also located there, where information about each case in each federal judicial district is maintained. Therefore, Plaintiff is informed and believes, and thereon alleges, that all documents filed by Defendants using PACER were each individual acts of wire fraud, wherein false statements were provided in interstate commerce through the use and facilitation of the PACER-CM/ECF system and for the purpose of carrying out the goals of the racketeering

5

Enterprise as alleged herein.

In violation of 18 U.S.C. § 1962(d), Plaintiff alleges, that Defendants knowingly, willfully, and unlawfully agreed to facilitate a scheme which included the, participation, agreement, operation and/or management of a RICO enterprise through a pattern of racketeering activity as alleged in the complaint.

Plaintiff alleges, that violation of 18 U.S.C. §§ 1341 and 1343 for mail and wire fraud continues to this day in an open-ended pattern of criminal acts by the actions of the Enterprise in using mail and wire services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

| Type of Lawsuit | Number of Cases filed by Thomas P. Riley |
|---|---|
| Cable/Sat TV | 3033 |
| Other Statutory Actions | 2150 |
| Copyrights | 23 |
| Consumer Credit | 5 |
| Other Civil Rights | 4 |
| Other Personal Property Damage | 2 |
| Bankruptcy Case | 2 |
| Unknown | 1 |

| | |
|---|---|
| Recovery of Overpayment & Enforcement of Judgment | 1 |
| Other Contract | 1 |
| Racketeer Influenced and Corrupt Organization | 1 |
| Constitutionality of State Statutes | 1 |
| Bankruptcy Adversary | 1 |
| **Grand Total** | **5222** |

Respectfully submitted

Edward Inga  7/27/21

Exhibits

1. Letter from Defendant dated 7/28/2021

2. Envelope received 7/29/2021

3. Motion to dismiss filing date 7/30/2021 1st page

7

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 770 ST LOUIS AVE UNIT 2. LONG BEACH CA 90804

On 8/31/2021 I served the Document(s) listed below on the parties in this action as follows:
OPPOSITION TO DEMURRER AND EXHIBITS

Served upon:

| SENT TO : THOMAS P RILEY | FIRST LIBRARY SQUARE<br>1114 FREEMONT AVE<br>SOUTH PASADENA CA 91030<br>TPRLAW@ATT.NET |
|---|---|

[X] **(BY MAIL)** I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Los Angeles, California, following the ordinary business practices of my place of business. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service. Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

[ ] **(BY HAND DELIVERY)** I delivered to an authorized courier or driver authorized by Loggins & Messina to receive documents and to be delivered on the same date.

[ ] **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein via the facsimile number(s) listed above and/or on the attached Service List.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 8/31/2021 at Los Angeles, California.

Art Cervera  Reg Process Server 2020000027    Signature _____

8

EXHIBIT 2



# LAW OFFICES OF THOMAS P. RILEY
A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
WWW.TPRLAW.NET

TEL: (626) 799-9797                               FAX: (626) 799-9795

July 28, 2021

Mr. Edwin R. Inga
1231 West Boulevard, Apt. #303
Los Angeles, CA 90019

Re: *Inga v. Innovative Sports Management, Inc., et al.*
    *Case No. 2:21-cv-04146-RGK-SHK (USDC CDCA)*

Mr. Inga:                                     *Transmitted By Overnight Mail, Priority Delivery*

This firm represents Defendant Law Offices of Thomas P. Riley, P.C. (incorrectly identified as Thomas P Riley Law Offices in your caption). It is my intention to file a Motion to Dismiss your Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff also may file a Special Motion to Strike the state law counts of your Complaint pursuant to California's Anti-SLAPP Statute, Code Civ. Proc. § 425.16.

Pursuant to Local Rule 7-3, I am writing to request that you participate in a telephone conference on one of the following dates and times:

- 12:30 pm; Thursday, July 29, 2021
- 2:30 pm; Thursday, July 29, 2021
- 4:00 pm; Thursday, July 29, 2021
- 9:30 am; Friday, July 23, 2021
- 11:00 am; Friday, July 30, 2021
- 2:30 pm; Friday, July 30, 2021

Please telephone or email my office promptly following receipt of this correspondence to indicate which of the above dates will be most convenient to conduct our conference, or to propose an alternate date / time. In addition, please provide a telephone number at which you may be reached for the conference. Once finalized, my office will initiate the conference call to you at whatever telephone number you provide.

Letter to Mr. Edwin R. Inga
July 28, 2021
Page 2 of 2

Among the many deficiencies in your Complaint is that your claims are compulsory counterclaims to the earlier litigation filed against you by Innovative Sports Management, Inc., your claims are barred by the litigation and/or Noerr-Pennington privileges, that certain claims (e.g., a California state RICO action) do not exist, and that your claims, which are often lifted verbatim from a Colorado case, include countless allegations that have nothing to do with you or any Defendant, and/or do not state valid causes of action. This is not an exhaustive list of the deficiencies in your Complaint.

Please let me hear from you promptly following your receipt of this letter so this conference may occur without delay.

Cordially,

*Thomas P. Riley*

enclosures

TPR/kd

1 Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
2 First Library Square
3 1114 Fremont Ave.
South Pasadena, CA 91030
4
5 Tel: 626-799-9797
Fax: 626-799-9795
6 TPRLAW@att.net
7
Attorneys for Defendant
8 LAW OFFICES OF THOMAS P. RILEY, P.C.
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| EDWIN R. INGA, | Case No. 2:21-CV-04146-RGK-SHK |
|---|---|
| Plaintiff, | DEFENDANT LAW OFFICES OF THOMAS P. RILEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA; THOMAS P. RILEY LAW OFFICES, | |
| Defendants. | Date: September 7, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 850, 8th Floor<br>Judge: Honorable R. Gary Klausner |

TO THE HONORABLE COURT, THE PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 7, 2021 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 850, 8th Floor, of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Law Offices of Thomas