LAW OFFICES OF THOMAS P. RILEY, P.C.
Thomas P. Riley, SBN 194706
TPRLAW@att.net
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795

Attorneys for Defendant
LAW OFFICES OF THOMAS P. RILEY, P.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| EDWIN R. INGA,<br><br>          Plaintiff,<br><br>     vs.<br><br>INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA; THOMAS P. RILEY LAW OFFICES,<br><br>          Defendants. | Case No. 2:21-CV-04146-RGK-SHK<br><br>DEFENDANT LAW OFFICES OF THOMAS P. RILEY'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S CLAIMS PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE CIV. PROC. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   October 12, 2021<br>Time:   9:00 a.m.<br>Place:  Courtroom 850, 8th Floor<br>Judge:  Honorable R. Gary Klausner |

TO THE HONORABLE COURT, THE PARTIES, AND TO THEIR

ATTORNEYS OF RECORD:

       PLEASE TAKE NOTICE that on October 12, 2020 at 10:00 a.m., or as soon

thereafter as this matter may be heard in Courtroom 850, 8th Floor, of the United

States District Court, Central District of California, located at 255 East Temple

Street, Los Angeles, California 90012, Defendant Law Offices of Thomas P. Riley, P.C. (incorrectly identified as "Thomas P Riley Law Offices" and various other names), by and through counsel, will move for an Order striking Plaintiff's state law claims under California Code of Civil Procedure, Section 425.16 (the Anti-SLAPP statute).

This Motion will be made on the grounds that Plaintiff's state law causes of action against Defendants arise from an attempt to interfere with Defendants' rights to petition for redress and right to free speech under the United States and California Constitutions in violation of Section 425.16. This Motion is also made pursuant to <u>United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.</u>, 190 F.3d 963, 973 (9th Cir. 1999), which permits such motions in federal court.

Pursuant to Local Rule 7-3, on July 28, 2021, the undersigned sent a request to Plaintiff via overnight delivery asking that he meet and confer with respect to the relief sought herein. As of the filing of this Motion, no response to that letter has been received. In addition, the undersigned is counsel in the case of <u>Innovative Sports Management, Inc. v. Edwin R. Inga</u>, No. 2:19-cv-02070-TJH-PLA (C.D. Cal. filed Mar. 20, 2019), involving Plaintiff herein, and Mr. Inga has been non-responsive for quite some time in that case such that it is respectfully submitted that any meet and confer would be futile.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, and such further oral and

documentary evidence or argument as may be presented at the hearing on

Defendant's Motion.

Respectfully submitted,

Dated:  September 7, 2021

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Defendant
Law Offices of Thomas P. Riley, P.C.

# TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES............................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

INTRODUCTION, RELEVANT FACTS, AND HISTORY ................................2

ARGUMENT................................................................................................ 3

I.      PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS
        FALL WITHIN THE SCOPE OF CALIFORNIA CODE OF CIVIL
        PROCEDURE, SECTION 425.16, AND BECAUSE PLAINTIFF
        CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING
        AT TRIAL, HIS STATE LAW CLAIMS SHOULD BE STRICKEN. . . . . 3

        A.      The Claims Raised By Plaintiff Arise From Protected Activity........5

        B.      Plaintiff Cannot Establish A Prima Facie Showing That He Has
                A Reasonable Probability Of Prevailing..............................10

        C.      Defendant Is Entitled To Recover Its Attorney's Fees And
                Costs................................................................................11

CONCLUSION..........................................................................................11

# TABLE OF AUTHORITES

PAGE(S)

## CASES

Abreu v. Tavin Foods,
1:16-cv-00432-MEH (D. Colo., filed Feb. 23, 2016)..............................................2

Booker v. Rountree,
155 Cal. App. 4th 1366 (2007) ........................................................... 8-9

City of Cotati v. Cashman,
29 Cal. 4th 69 (2002) ........................................................................ 5-6

Gruber v. Gruber
48 Cal. App. 5th 529 (2020) ...............................................................4

Hilton v. Hallmark Cards,
599 F.3d 894 (9th Cir. 2010) .............................................................3

Innovative Sports Management, Inc. v. Edwin R. Inga,
No. 2:19-cv-02070-TJH-PLA (C.D. Cal. filed Mar. 20, 2019).........2 (motion), 2, 8

Jacobsen v. Katzer,
2006 WL 3000473, at *7 (N.D. Cal. Oct. 20, 2006) .............................10

Kajima Engineering & Construction, Inc. v. City of Los Angeles,
95 Cal. App. 4th 921 (2001) .............................................................5

Lutge v. Eskanos & Adler, P.C.,
2007 WL 1521551 (N.D. Cal. May 24, 2007).........................................7

Makaeff v. Trump University, LLC,
715 F.3d 254 (9th Cir. 2013) .............................................................4

Matson v. Dvorak,
40 Cal. App. 4th 539 (1995) ............................................................10

Metabolife Intern., Inc. v. Wornick,
264 F.3d 832 (9th Cir. 2001) .............................................................5

*Michael Abbondanza, et al. v. Jason Weiss, et al.*,
No. 1:19-cv-00328 (D. Colo. filed Feb. 28, 2019)...........................................2, 3, 8

*Microsoft Corp. v. M. Media*,
2018 WL 5094969 (C.D. Cal. March 13, 2018).....................................6-7, 10-11

*Navellier v. Sletten*,
29 Cal. 4th 82 (2002)......................................................................................5

*Picazo v. Tirey*,
2018 WL 1583228 (S.D. Cal. Apr. 2, 2018) ........................................................7

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973 (C.D. Cal. 1993)...............................................................10

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006)...............................................................................5, 6

*Sparling v. Bank of Am., Nat'l Ass'n*,
2018 WL 5099728 (C.D. Cal. Mar. 29, 2018) ........................................................5

*United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.*,
190 F.3d 963 (9th Cir. 1999) .................................................................2 (motion), 4

*VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc.*,
2020 WL 6259999 (C.D. Cal. Sept. 28, 2020)......................................................9

*Vess v. Ciby-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)....................................................................... 4-5

**STATUTES AND RULES**

United States Code

18 U.S.C. § 1961, <u>et seq.</u> .................................................................................3

47 U.S.C. § 553.............................................................................................2

47 U.S.C. § 605.............................................................................................2

Federal Rules of Civil Procedure

12 .............................................................................................................10

California Statutes

Cal. Bus. and Prof. Code § 17200 ............................................................2

Cal. Code Civ. Proc. § 425.16 .......................................................*passim*

Miscellaneous

C.R.S. 18-17-101 <u>et seq.</u> ..............................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

Before addressing the how Plaintiff's state law causes of action are subject to this motion, Defendant Law Offices of Thomas P. Riley, P.C. (hereinafter "Defendant" or "LOTPR"), alerts the Court to an ambiguity with respect to the parties. Both the Caption and the Introduction of the Complaint identify only LOTPR and Innovative Sports Management, Inc. d/b/a Integrated Sports Media (hereinafter "ISM") as Defendants.[1] Cplt. at 1 (Dkt. No. 1, 2). Similarly, the Civil Cover Sheet identifies ISM and LOTPR. See (Dkt. No. 1-2 at 1). The Summons identifies LOTPR. See (Dkt. Nos. 1-3, 8). On occasion, however, the Complaint refers to Mr. Riley individually. E.g. Cplt. ¶¶ 2, 6.[2] To the extent Plaintiff intended to implicate Mr. Riley individually, he has not been served. Moreover, the arguments herein would apply equally to him (Mr. Riley likely would have additional arguments).[3]

---

[1] Where appropriate, this Memorandum addresses both Defendants collectively as "Defendants."

[2] As discussed in in LOTPR's Motion to Dismiss, (Dkt. No. 12) (Memo at 1, n. 2), Plaintiff has lifted his allegations from a Colorado case, in which  Jason Weiss and Weiss Law Group, PC were named Defendants. Plaintiff appears to have performed a 'search and replace' that has resulted in "Riley" being substituted for "Weiss."

[3] To the extent it becomes necessary, the Law Offices of Thomas P. Riley, P.C. will represent Defendant Innovative Sports Management, Inc. in this action. At this time, ISM has not been served. Nonetheless, for all practical purposes, the arguments herein apply equally to ISM.

## INTRODUCTION, RELEVANT FACTS, AND HISTORY

Plaintiff Edwin R. Inga's (hereinafter "Plaintiff") Complaint, including its state law causes of action, is premised almost entirely on petitioning conduct in preparation for and within another action between Plaintiff and ISM (represented by LOTPR). <u>Innovative Sports Management, Inc. v. Edwin R. Inga</u>, No. 2:19-cv-02070-TJH-PLA (C.D. Cal. filed Mar. 20, 2019) ("2019 Litigation").[4] The Complaint in the 2019 Litigation states four counts: (I) and (II) Violations of Title 47 U.S.C. §§ 605 and 553, respectively; (III) Conversion; and (IV) Violation of Cal. Bus. and Prof. Code § 17200.

In addition, because Plaintiff's Complaint contains dozens of irrelevant allegations, apparently copied nearly verbatim from an amended complaint filed in <u>Michael Abbondanza, et al. v. Jason Weiss, et al.</u>, No. 1:19-cv-00328 (D. Colo. filed Feb. 28, 2019), (RJN, Ex. 3, Abbondanza Complaint), it is necessary that the Court be apprised of that case and related proceedings as well.[5] Plaintiff also cites to a District of Colorado case that gave rise to the <u>Abbondanza</u> litigation, and says it was filed in "the District of California" <u>Cplt.</u> ¶ 122, citing 1:16-cv-00432-MEH. This case number refers to: <u>Abreu v. Tavin Foods</u>, 1:16-cv-00432-MEH (D. Colo., filed Feb. 23, 2016).

---

[4] Concurrent with this Motion, Defendant has filed a Request for Judicial Notice with respect to documents related to the 2019 Litigation.

[5] The Request for Judicial Notice also addresses the <u>Abbondanza</u> amended complaint.

Plaintiff asserts claims under the Racketeering and Corrupt Practices Act (RICO), 18 U.S.C. §§ 1961, et seq. (Counts I & II), a purported state law claim under the "California Organized Crime Control Act … C.R.S. 18-17-101 et seq." (Count III), and state law claims for Abuse of Process, Civil Conspiracy and Fraud (Counts IV - VI). LOTPR brings this Special Motion to Strike Plaintiff's state law claims pursuant to California's Anti-SLAPP statute.[6]

## ARGUMENT

I.   PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS FALL WITHIN THE SCOPE OF CALIFORNIA CODE OF CIVIL PROCEDURE, SECTION 425.16, AND BECAUSE PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING AT TRIAL, HIS STATE LAW CLAIMS SHOULD BE STRICKEN.[7]

Section 425.16(b)(l) of the California Code of Civil Procedure (the "Anti-SLAPP" statute), provides:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the

---

[6] The Anti-SLAPP statute only applies to state law claims in federal court. Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010).

[7] Because of the wholesale copying of the Abbondanza complaint, Plaintiff has purported to bring a cause of action under the state of *Colorado's* version of RICO. There is no corresponding California state law RICO cause of action. Nonetheless, and in the event such a claim theoretically existed, it would be subject to this Special Motion to Strike.

> United States or California Constitution in connection with a public
> issue shall be subject to a special motion to strike, unless the court
> determines that the plaintiff has established that there is a probability
> that the plaintiff will prevail on the claim.

Code Civ. Proc. § 425.16(b)(1).[8] As the Ninth Circuit has observed, California's Anti-SLAPP statute provides for pre-trial dismissal of actions that "masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so." Makaeff v. Trump University, LLC, 715 F.3d 254, 261 (9th Cir. 2013) (internal quotations/ citations omitted); Gruber v. Gruber 48 Cal. App. 5th 529, 537 (2020) ("The anti-SLAPP statute provides a procedure for weeding out, at an early stage, *meritless* claims arising from activity that is protected by the law")(emphasis in original, internal citation omitted). As indicated in the statute itself, the determination of whether to grant a motion to strike brought pursuant to the Anti-SLAPP statute is a two-pronged analysis. Vess v. Ciby-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003).  First, a defendant must make a prima facie showing that a plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free

---

[8] A motion to strike pursuant to California's Anti-SLAPP statute may be brought in Federal Court. See e.g. United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999).

speech (i.e., that it is a "protected activity."). Id. Once the defendant has made such a prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." Id. (citation omitted); see also Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) ("Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal").

"Filing a lawsuit is an exercise of a party's constitutional right to petition. For that reason, both the party to a lawsuit and the party's attorneys can invoke anti-SLAPP's motion to strike procedure." Sparling v. Bank of Am., Nat'l Ass'n, 2018 WL 5099728, at *6 (C.D. Cal. Mar. 29, 2018), citing Rusheen v. Cohen, 37 Cal. 4th 1048, 1056 (2006).

A.    The Claims Raised By Plaintiff Arise From Protected Activity.

The party bringing a motion to strike under California's Anti-SLAPP statute has the initial burden of demonstrating that the causes of action alleged against it arise from an act in furtherance of a "protected activity."  See Kajima Engineering & Construction, Inc. v. City of Los Angeles, 95 Cal. App. 4th 921, 928 (2001). Once the moving party satisfies this initial burden, it "faces no additional requirement of proving the plaintiff's subjective intent," Navellier v. Sletten, 29 Cal. 4th 82, 88 (2002), and it need not, "demonstrate that the action actually had a chilling effect on the exercise of such rights." Id. "In the Anti-SLAPP context, the

1    critical point is whether the plaintiff's action itself was based on an act in

2    furtherance of the defendant's right of petition or free speech." <u>City of Cotati v.</u>

3    <u>Cashman</u>, 29 Cal. 4th 69, 78 (2002).

4

5         The actions at issue in this case are litigation related activities undertaken by

6    ISM, and LOTPR as its counsel, to protect ISM's interests.  It is firmly established

7    that litigation related activities are a "protected activity" under California's Anti-

8    SLAPP statute. <u>See</u> <u>Rusheen</u>, 37 Cal. 4th at1056; <u>Microsoft Corp. v. M. Media</u>,

9

10   2018 WL 5094969, at *5 (C.D. Cal. March 13, 2018) ("Protected litigation activity

11   includes the filing, funding, and prosecution of a civil action and qualifying acts

12   committed by attorneys representing clients in litigation") (quotation / internal

13   modifications omitted). In <u>Microsoft</u>, the Central District held:

14

15        The conduct underlying each of Defendants' six Counterclaims falls

16        within the scope of section 425.16(a). All six counterclaims are based

17        variously on the allegations that Microsoft intentionally brought the

18        underlying action, which is groundless and discriminatory, against

19        Defendants for an improper purpose . . .; Microsoft's court filings

20        contain false and offensive claims . . .; the public records search

21        Microsoft conducted and filed with the Court in support of its Motion

22        to Amend the Complaint in the underlying action was improper . . . ;

23        and Microsoft violated Rules 26 and 45 by delaying exchange of

24        Initial Disclosures and serving improper subpoenas. . . .

25

26

27

28

Id. at *5 (internal citations omitted). The court stated that this conduct "clearly arises from litigation activity." Id. (citation omitted); see Picazo v. Tirey, 2018 WL 1583228, at *3 (S.D. Cal. Apr. 2, 2018) (law firm's "[f]iling an unlawful detainer complaint," was the wrong complained of, and this was "protected activity under the anti-SLAPP statute, as [was] service of notice of termination.") In Lutge v. Eskanos & Adler, P.C., 2007 WL 1521551 (N.D. Cal. May 24, 2007), the court summarized the law in this regard as follows:

> The right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances . . .  The constitutional right to petition includes the basic act of filing litigation or otherwise seeking administrative action. . . .  By logical extension, the right to petition also necessarily includes participation in the litigation as well. . . .  Therefore, a cause of action arising from defendant's litigation activity may properly be the subject of a section 425.16 motion to strike.

Id. at *2 (internal citations omitted). The Lutge Court also noted that in determining whether the first prong of the Anti-SLAPP test is met, the court looks to the "principal thrust or gravamen of the claims at issue to determine whether they arise from protected activity."  Id. (internal quotation omitted).

Plaintiff's claims arise directly from activities undertaken by Defendants in an effort to enforce ISM's exclusive commercial distribution rights to the Program

that forms the underlying basis of the 2019 Litigation. Indeed, Plaintiff's allegations are specifically directed to such actions.

With respect to the third cause of action, assuming such a cause of action exists[9], "Defendants engaged … in the preparation, drafting, filing and prosecution of USC CODE lawsuits." Cplt. ¶ 128.

Viewed in the light most favorable to Plaintiff, the fourth cause of action, abuse of process, must be specifically related to the 2019 Litigation. E.g. Cplt. ¶ 174 ("Defendants' Prior Litigation was used to extort money out of small businesses rather than to remedy USC CODE violations and raise awareness of the USC CODE, as represented by Defendants in those lawsuits."); see also Cplt. ¶ 148 ("Defendants used the Prior Litigation to get Plaintiff to pay $15,000 to Defendants in order for Defendants to dismiss the lawsuit.")[10] While the particular allegations of the abuse of process are actually directed to what the defendants in Abbondanza allegedly did, compare Cplt. ¶¶ 147 – 152 with (RJN, Ex. 3, ¶¶ 147 – 152), if the count is construed as alleging anything against the instant Defendants, it necessarily implicate Defendants' petitioning activity. See Booker v. Rountree,

---

[9] As discussed in Defendant's Motion to Dismiss, Plaintiff's third cause of action relies on a Colorado statute that has no application to this case. (Dkt. No. 12) (Memo at 16-17).

[10] As noted in Plaintiff's Motion to Dismiss, the 2019 Litigation remains active. (Dkt. No. 12) (Memo at 5). In fact, default was recently entered against Mr. Inga in the 2019 Litigation. (RJN, Ex. 2, Entry of Default).

155 Cal. App. 4th 1366, 1370 (2007) ("Rountree argues the abuse of process claim is subject to the anti-SLAPP statute because it arises out of his filing the underlying action. He is right.").

The fifth cause of action, assuming both that it was addressed to these Defendants and a claim *per se*[11], is also premised on petitioning activity. See Cplt. ¶ 155 ("by filing fraudulent lawsuits alleging violations of the USC CODE in order to extort settlement money out of the businesses in exchange for Defendants dropping the lawsuits"). The sixth cause of action, fraud, is similarly premised. See Cplt. ¶ 162 ("Defendants made a false representation of past or present fact with filing the Prior Litigation . . . .").

Ultimately, Plaintiff is attempting to stop Defendants from accessing the courts to protect ISM's interests. Therefore, Defendant has demonstrated that the activities for which it is being sued by Plaintiff constitute "protected activities" under Code of Civil Procedure Section 425.16, and thus the first prong of the Anti-SLAPP analysis has been satisfied.

///

///

///

---

[11] As noted in Plaintiff's Motion to Dismiss, civil conspiracy is not an independent cause of action. (Dkt. No. 12) (Memo at 18, citing VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc., 2020 WL 6259999, at *5 (C.D. Cal. Sept. 28, 2020)).

B.    <u>Plaintiff Cannot Establish A Prima Facie Showing That He Has</u>

<u>A Reasonable Probability Of Prevailing.</u>

Once the moving party in an Anti-SLAPP motion establishes that the causes

of action against it arise from protected activity, the responding party "must

demonstrate that the complaint is both legally sufficient and supported by a

sufficient prima facie showing of facts to sustain a favorable judgment if the

evidence submitted by the plaintiff is credited." <u>Matson v. Dvorak</u>, 40 Cal. App.

4th 539, 548 (1995). As a practical matter, this prong of the Anti-SLAPP test in

federal court is tantamount to the standard for a Federal Rule of Civil Procedure

12(b)(6) motion to dismiss:

> If a defendant makes a special motion to strike based on alleged
> deficiencies in the plaintiff's complaint, the motion must be treated in
> the same manner as a motion under Rule 12(b)(6) except that the
> attorney's fee provision of § 425.16(c) applies.

<u>Rogers v. Home Shopping Network, Inc.</u>, 57 F. Supp. 2d 973, 983 (C.D. Cal.

1993); <u>see</u> <u>Jacobsen v. Katzer</u>, 2006 WL 3000473, at *7 (N.D. Cal. Oct. 20, 2006)

(Because cause of action was dismissed for failure to state a claim, plaintiff could

not meet burden of demonstrating a likelihood of prevailing on the merits). For the

reasons set forth in Defendant's Motion to Dismiss, (Dkt. No. 12), Plaintiff cannot

establish a reasonable probability of prevailing. As argued in Defendant's  Motion

to Dismiss, a primary reason for this is that Plaintiff's state law claims are barred

by the litigation privilege. (Dkt. No. 12) (Memo at 11-13). As noted in <u>Microsoft</u>,

"[i]ndeed, Anti-SLAPP motions targeting litigation activity via claims such as

Defendants' Counterclaims — intentional infliction of emotional distress, *abuse of process*, defamation, invasion of privacy — are routinely granted based on the litigation privilege." <u>Microsoft</u>, 2018 WL 5094969 at *7 (emphasis added).[12]

C.  <u>Defendant Is Entitled To Recover Its Attorney's Fees And Costs.</u>

Pursuant to California Code of Civil Procedure Section 425.16(c), a prevailing party is entitled, "to recover attorney's fees and costs in connection with a successful Anti-SLAPP motion." <u>Id.</u> As Plaintiff's state law claims should be stricken pursuant to Section 425.16, Defendant should be awarded its costs and attorney's fees related thereto. <u>See</u> <u>Microsoft</u>,  2018 WL 5094969 at *8.

## **CONCLUSION**

Plaintiff's state law claims against Defendants arise out of Defendants' (ISM's) protected rights to petition and Plaintiff will be unable to prevail on the claims as a matter of law. For the reasons set forth above, therefore, Defendant's Special Motion to Strike should be granted.

///

///

///

///

---

[12] As addressed in the accompanying Motion to Dismiss, Plaintiff's claims fail for several other reasons as well.

WHEREFORE, Plaintiff respectfully requests that this Court grant Defendant's Special Motion to Strike, permit Defendant to request its costs and attorneys' fees in bringing its Special Motion to Strike, and order such other relief as may be just and proper.

Respectfully submitted,

*/s/ Thomas P. Riley*

Dated:  September 7, 2021    **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Defendant Law Offices
of Thomas P. Riley, P.C.

**PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On September 7, 2021, I caused to serve the following document entitled:

DEFENDANT LAW OFFICES OF THOMAS P. RILEY'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S CLAIMS PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE CIV. PROC. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga (Plaintiff *Pro Se*)

1231 West Blvd. Apt. 303

Los Angeles, California 90019

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be

taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 7, 2021, at South Pasadena, California.

Dated:  September 7, 2021

ISABELLA FERNANDEZ