UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                                  Not Present

**Proceedings:**  (IN CHAMBERS) Order Re: Defendant's Motion to Strike Plaintiff's Claims Pursuant to CA Anti-SLAPP [DE 16]

## I.   INTRODUCTION

On May 17, 2021, Plaintiff Edwin R. Inga ("Plaintiff"), filed a Complaint[1] against Defendants Innovative Sports Management, Inc., d/b/a Integrated Sports Management ("ISM") and Thomas P. Riley Law Offices ("Riley") (collectively "Defendants"). Plaintiff alleges the following claims: (1) violation of 18 U.S.C. §§ 1961(1)(B), 1962(c), 1964(a),(c), 1341, and 1343, Racketeer Influenced and Corrupt Practices Act (RICO); (2) violation of 18 U.S.C. §§ 1961(1)(B), 1962(d), 1964(a),(c), 1341, and 1343, Conspiracy to Violate RICO; (3) violation of C.R.S. 18-17-101 et seq., California Organized Crime Control Act[2]; (4) Abuse of Process; (5) Civil Conspiracy; and (6) Fraud.

Presently before the Court is Riley's Motion to Strike Plaintiff's third, fourth, fifth, and sixth claims pursuant to California's Anti-Slapp Statute ("Motion"). For the following reasons, the Court **GRANTS** Riley's Motion.

---

[1]   The Court notes that Plaintiff apparently copied part of the language in his Complaint from a brief in a different case based on similar allegations but different laws, and that Plaintiff failed to substitute all of the correct names and statutes into his Complaint.

[2]   The Court also notes that Plaintiff cites a Colorado statute and there does not appear to be a California statute called "California Organized Crime Control Act." However, it is unnecessary to address this discrepancy, as the Court addresses this claim based on the challenge set forth by Riley.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04146-RGK-SHK | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

## II. FACTUAL BACKGROUND

Plaintiff is the owner and operator of the commercial establishment Tombo Loco Peruvian Restaurant ("Tombo Loco") in Los Angeles, California. ISM is a commercial distributor and licensor of sporting events, and, in this capacity, helps market, advertise, promote, administer, and transmit sporting events. (Mot. to Strike., Ex. 1, ¶ 15, ECF No. 16.) In 2019, ISM sued Plaintiff in federal court, alleging that Plaintiff directed or permitted Tombo Loco to illegally broadcast the Peru v. Croatia international soccer game and that ISM had exclusive distribution rights to the game ("Original Action"). The Original Action, which is currently being litigated, alleges the following claims: (1) unauthorized publication or use of communications; (2) unauthorized reception of cable service; (3) conversion; and (4) unfair competition. Riley is the law firm representing ISM in the Original Action.

In the current action, Plaintiff alleges that Defendants "have formed a criminal enterprise by using the 'USC CODE' to institute actions based on same plaintiffs, false allegations of injury, and false allegations of standing to collect quick settlements from California businesses and citizens." (Compl., ¶ 13, ECF No. 2.) Plaintiff claims that Defendants know that for most of the businesses Defendants sue, it is easier and cheaper for those businesses to settle rather than to litigate, and, therefore, Defendants take advantage of these small businesses. Plaintiff further alleges that these lawsuits lack "merit, are frivolous and vexatious because of Defendants' many false assertions made in furtherance of their fraudulent litigation." (*Id.* at ¶ 17.) Plaintiff claims that at the time of filing his Complaint, Defendants have sued approximately 200 businesses for copyright violations.

## III. JUDICIAL STANDARD

Under California Code of Civil Procedure § 425.16, a defendant may file a special motion to strike a complaint that is brought primarily to chill the valid exercise of free speech and petition. Such motions may be brought in federal court against a plaintiff's state law claims. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970–73 (9th Cir. 1999).

Section 425.16 provides a two-step burden-shifting framework. First, the defendant has the burden of showing that the challenged claim arises from activity protected under the statute. *Blackburn v. Brady*, 116 Cal. App. 4th 670, 675 (2004). "If the defendant does not meet this threshold burden, the court must deny the motion." *Id.* at 676. If the defendant meets the burden, then the plaintiff must demonstrate a probability of prevailing on the merits of the claim. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66–67 (2002).

In order to establish the requisite probability of prevailing, the plaintiff needs only to have "stated and substantiated a legally sufficient claim." *Briggs v. Eden Council for Hope Opportunity*, 19 Cal. 4th 1106, 1123 (1999). In other words, the plaintiff must demonstrate that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002). The trial court evaluates the merits of the claim through a "summary-judgment-like procedure." *Taus v. Loftus*, 40 Cal. 4th 683, 714 (2007).

If the plaintiff is unable to satisfy its burden, the court should grant the defendant's motion and strike the complaint. *DuPont Merck Pharm. Co. v. Super. Ct.*, 78 Cal. App. 4th 562, 564 (2000). Because the statutory intent is to provide a quick, inexpensive method of dismissing these sorts of lawsuits, leave to amend is improper. *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001).

**IV.   DISCUSSION**

Riley moves to strike Plaintiff's state-law claims under California's Anti-SLAPP statute. The Court evaluates the issue under the Anti-SLAPP framework as follows.

**A.   Defendant's Burden**

To meet its burden on an Anti-SLAPP motion, a defendant must show that the acts underlying a plaintiff's claims fall within one of § 425.16(e)'s four enumerated categories. These categories are: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e). "A cause of action arising from defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike. Any such act includes communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation." *Rusheen v. Cohen*, 128 P.3d 713, 717–18 (Cal. 2006) (internal quotations omitted).

The actions that Plaintiff alleges Defendants committed fall into all four of the 425.16(e) categories. In his third claim, Plaintiff alleges that "all named Defendants have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of USC CODE lawsuits . . . [and] unlawfully initiating, prosecuting and supporting false claims." (Compl., ¶¶ 128, 130.) In his fourth claim for abuse of process, Plaintiff alleges that "Defendants had an ulterior motive in the use of judicial proceedings; . . . Defendants' legal action lacked a reasonable factual basis or cognizable basis in law[;] . . . and Defendants' Prior Litigation was used to extort money out of small businesses." (*Id.* at ¶¶ 143, 146–47.) In his fifth claim for civil conspiracy, Plaintiff alleges that "Defendants . . . entered into an unlawful plan and agreement to mislead and falsely accuse small business owners in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04146-RGK-SHK | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

California, including Plaintiff, by filing fraudulent lawsuits." (*Id.* at ¶ 155.) In his sixth claim for fraud, Plaintiff alleges that "Defendants made a false representation of past or present fact when filing the Prior Litigation and alleging 14 violations of the USC CODE." (*Id.* at ¶ 162.)

All four of Plaintiff's state-law claims clearly arise out of Defendants' considering, filing, or furthering litigation, which the *Rusheen* Court held are actions falling under a § 425.16 lawsuit. The actions Plaintiff alleges Defendants committed are either: written or oral statements made before judicial proceeding; written or oral statements made in connection with an issue under consideration with a judicial body; written or oral statements made in a place open to the public or a public forum in connection with an issue of public interest; or conduct in furtherance of the exercise of the constitutional right to free speech in connection with a public issue. Therefore, Riley has met its burden showing that the alleged conduct arises from protected activity.

    **B.**    **Plaintiff's Burden**

Because Riley has made a threshold showing that the acts underlying Plaintiff's Complaint arise from protected activity, the burden shifts to Plaintiff to demonstrate that he has a probability of prevailing on the merits of these claims. *See Equilon*, 29 Cal. 4th at 66–67; *DuPont*, 78 Cal. App. 4th at 564. However, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Cal. L.R. 7-12. Where a defendant shows that its alleged conduct arises from protected activity and plaintiff fails to file an opposition to defendant's anti-SLAPP motion, the plaintiff necessarily fails to meet its burden of demonstrating a probability of prevailing on the merits of its claim. *See Singh v. Lipworth*, 227 Cal. App. 4th 813, 829 (2014) (affirming the trial court's determination that plaintiff "failed to file any opposition to the anti-SLAPP motion and thus is unable to meet her burden . . . on this motion and [Defendant's] special motion to strike is therefore granted.").

Because Riley has met its burden, and Plaintiff has not filed an opposition, Plaintiff necessarily fails to meet his burden of demonstrating a probability of prevailing on the merits of his claims.

**V.**    **CONCLUSION**

For these reasons, the Court **GRANTS** Riley's Motion.

**IT IS SO ORDERED.**

                                                                                                                                                            :        

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

Initials of Preparer _____