1  LAW OFFICES OF THOMAS P. RILEY, P.C.
2  Thomas P. Riley, SBN 194706
3  TPRLAW@att.net
   1114 Fremont Ave.
4  South Pasadena, CA 91030
5
   Tel:  626-799-9797
6  Fax:  626-799-9795
7
   Attorneys for Defendant
8  LAW OFFICES OF THOMAS P. RILEY, P.C.
9
10                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
11                         WESTERN DIVISION

12  EDWIN R. INGA,                    Case No. 2:21-CV-04146-RGK-SHK

13          Plaintiff,                DEFENDANT LAW OFFICES OF
                                      THOMAS P. RILEY'S REPLY IN
14      vs.                           SUPPORT OF MOTION TO
                                      DISMISS PLAINTIFF'S
15  INNOVATIVE SPORTS                 COMPLAINT FOR FAILURE TO
    MANAGEMENT, INC. d/b/a            STATE A CLAIM
16  INTEGRATED SPORTS MEDIA;
    THOMAS P. RILEY LAW OFFICES,      Date:  November 8, 2021
17                                    Time:  9:00 a.m.
            Defendants.                Place: Courtroom 850, 8th Floor
18                                    Judge: Honorable R. Gary Klausner
19
20
21  TO THE HONORABLE COURT, THE PARTIES, AND TO THEIR

22  ATTORNEYS OF RECORD:

23
        Defendant Law Offices of Thomas P. Riley, P.C. (hereinafter "LOTPR" or
24
25  "Defendant"), by and through counsel, hereby files this Reply in Support of its

26  Motion to Dismiss Plaintiff Edwin R. Inga's Complaint for failure to state a claim.
27
    For the reasons set forth herein, as well as the reasons set forth in LOTPR's
28

Motion to Dismiss and supporting documentation (Dkt. No. 22, <u>et seq.</u>), LOTPR respectfully requests that its Motion to Dismiss be granted.

## **REPLY ARGUMENT**

I.   PLAINTIFF'S MEET AND CONFER ARGUMENT IS INVALID AND, CONTRARY TO PLAINTIFF'S APPARENT BELIEF, HIS REFUSAL TO PARTICIPATE IS NOT A VETO POWER OVER DEFENDANT'S MOTION.

Plaintiff's Response, (Dkt. No. 24), is largely identical to the Response he originally filed on September 2, 2021. (Dkt. No. 15). This includes utilizing an incorrect hearing date, referring to exhibits not actually submitted, and referring to dates suggested for a meet and confer prior to the last version of Plaintiff's Motion. <u>Response</u> at 1, 3, 7. With respect to the meet and confer argument, by copying his original Response, Plaintiff fundamentally misrepresents what occurred prior to the filing of the instant motion. At best, and assuming this is attributed to poor draftsmanship and not a deliberate attempt to mislead the Court, Plaintiff makes no effort to address what *actually* transpired with respect to Defendant's attempts to meet and confer.

As applied to the instant motion, Defendant sent its letter on September 21, 2021, <u>see</u> (Dkt. No. 20-2), not July 28, 2021, as stated by Plaintiff. <u>Response</u> at 3. That letter was confirmed as delivered on September 22, 2021 at 9:45 a.m. (Dkt. No. 20-3). In its Motion, Defendant details the steps it took to meet and confer

with Plaintiff, including offering three dates (ten different times)[1], and telephoning Plaintiff at a phone number written on his original Response. Motion at 2-3.[2] (Dkt. No. 22). In fact, Defendant telephoned Plaintiff both before filing its *Ex Parte* Motion on September 24, 2021 and again on September 29, 2021 before filing the instant motion. See Id. None of this is even acknowledged by Plaintiff, let alone addressed in any meaningful fashion.

Plaintiff states, as he did in his original Response, "Defendant bypassed the Meet and Confer stage trying to trick the system by sending letters that do not give any opportunity to Plaintiff to meet and confer." Response at 3. Not only is this ironic in view of Plaintiff's complete disregard for Defendant's repeated overtures, it is factually incorrect. Local Rule 7-3 requires Defendant to contact opposing counsel (or, in this case, the *pro se* Plaintiff) to discuss the substance of the motion and any potential resolution. See C.D. Cal. L-R 7-3. Defendant has done everything it can both to contact Plaintiff and to attempt to communicate

---

[1] One of the days suggested, September 24, 2021, ended up being inside the seven-day requirement of Local Rule 7-3 (the other two were not). However, the Court ordered Plaintiff to file the instant Motion by September 30, 2021. (Dkt. No. 21).

[2] The instant Opposition does not include a phone number; in addition, a different phone number is now identified on the docket for Plaintiff. It is unknown when this latest number was added, but Defendant was unaware of it when the Motion was filed. Riley Decl. (Reply) ¶¶ 4-5. Defendant received no notice that Plaintiff had added a telephone number, Id.; see C.D. Cal. L-R 82-2.4 (requiring such notice), and there is nothing on the docket indicating when such a change occurred. See Docket, passim.

with Plaintiff about the motion; every such overture has been ignored.[3] Defendant can lead Plaintiff to the water, it cannot make Plaintiff drink.

Ultimately, it appears Plaintiff would have this Court conclude that so long as he refuses to participate, he has a veto power over Defendant's Motion. Of course, that cannot be the intention of the rule. More importantly, as Rule 7-4 makes clear, Rule 7-3 is not mandatory. See C.D.Cal. L-R 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."). Plaintiff acknowledges this. Response at 4-5. As noted in LOTPR's Motion, it believes it has complied with the requirements of Rule 7-3. See Motion at 3. Nonetheless, and even assuming *arguendo* Plaintiff can forestall proceedings by refusing to participate, the Court should exercise its discretion under Rule 7-4 to rule on LOTPR's Motion. The purpose of the meet and confer is "to facilitate the efforts of the parties to fully discuss their differences and to maximize the possibility of resolving any disputes without the need for Court intervention." Vega v. Ocwen Financial Corp., 2014 WL 12614436, at *1 (C.D. Cal. Nov. 3, 2014). Through his repeated recalcitrance, Mr. Inga has confirmed that he has no intention of discussing differences or resolving disputes without Court intervention. That the Court should exercise discretion is also supported by the

---

[3] Although not directly related to this motion, Plaintiff also refused to participate in Federal Rule of Civil Procedure 26(f) requirements, which necessitated LOTPR filing a unilateral Rule 26(f) report. See (Dkt. No. 26 at 1, n.1).

dispositive nature of the Motion. Although Local Rule 7-3 itself does not make exceptions for dispositive motions, judges in this Court have found that it does:

> Finally, Plaintiff argues that Defendant's Motion is improper as Defendant failed to meet and confer with Plaintiff prior to filing this Motion as required by Local Rule 7-3. This argument also fails. As this Motion is a dispositive motion, Defendant was under no obligation to meet and confer with Plaintiff prior to its filing.

Milla v. City of Los Angeles, 2016 WL 10647192, at *2 (C.D.Cal. Oct. 24, 2016), rev'd on other grounds, 752 F. App'x. 507 (9th Cir. 2019).

III. PLAINTIFF DOES NOT ADDRESS ANY LEGAL ARGUMENT RAISED BY LOTPR.

Plaintiff's Response engages in no legal analysis, and makes no effort to address any specific argument raised by LOTPR. Taken in the light most favorable to Plaintiff, his Response could be construed as addressing the specific issue of whether the federal RICO allegations satisfy the Twombly / Iqbal pleading standard. Indeed, according to Plaintiff, this is the "first ground" for LOTPR's Motion. Response at 5. Of course, that is incorrect.

LOTPR addresses whether the federal RICO counts state a claim below. Before doing so, however, LOTPR notes that several dispositive arguments raised in LOTPR's Motion are ignored. In this regard, and even assuming *arguendo* the

federal RICO counts did satisfy the Twombly / Iqbal pleading standard, Plaintiff's claims fail for several independent reasons not addressed by Plaintiff.

A.   Plaintiff's Federal RICO Arguments Are Unavailing.

As addressed in detail in LOTPR's original Memorandum, Plaintiff has completely failed to plead a single fact to support a RICO claim for mail or wire fraud. This failing continues in his Response. To establish a RICO claim, Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." McGowan v. Weinstein, 505 F. Supp. 3d 1000, 1010 (C.D. Cal. 2020) (citation omitted).

Where, as here, Cplt. ¶ 62 (Dkt. Nos. 1, 2), the predicate acts alleged are mail and wire fraud, "the circumstances constituting the fraud or mistake shall be stated with particularity." California Pharmacy Management, LLC v. Zenith Ins. Co., 669 F. Supp. 2d 1152, 1159 (C.D. Cal. 2009) quoting Edwards v. Marin Park, Inc., 356 F. 3d 1058, 1065-66 (9th Cir. 2004). "To satisfy Rule 9(b), a RICO complaint must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. "In a case with multiple defendants, the plaintiff must identify the role of each defendant in the alleged fraudulent scheme." Id.

As previously identified, the Complaint does not distinguish the role of each defendant, and nowhere does it identify "the time, place and specific content of the

false representations." Id. This failure continues with Plaintiff's Response, which only identifies, vaguely, that Defendant routinely avails itself of the federal court's electronic filing system. Response at 5-7. Plaintiff cites no authority for the proposition that litigiousness, absent allegations of extortionate conduct, will support a RICO claim. Moreover, there is not a single factual allegation of fraud identified – only the previously identified labels, conclusions and naked assertions that will not survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted) (noting pleadings "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation")

     First, Plaintiff states: "Defendant is a profuse and suspicious litigant in all Los Angeles County where he filed hundreds of complaints for the same causes of actions and similar facts and allegations…. Thousands of families have been hurt by the Defendant…." Response at 5. Plaintiff then presents, without citation to any evidence or authority, a purported breakdown of the lawsuits filed by Defendant. Response at 5-7. Plaintiff offers no citation for any of these numbers such that they cannot be addressed in any meaningful fashion. In any event, while it is true that LOTPR is a successful and active attorney who manages a large caseload that includes filing hundreds of lawsuits, the same could be said for many attorneys who practice in Los Angeles County and elsewhere, including those who specialize in personal injury, worker's compensation, collections, FED, copyright and myriad other areas. There is no factual allegation to support the

second sentence regarding injuries to families. Lastly, and even assuming *arguendo* there was some purpose to these numbers, the validity of a Complaint is determined by the allegations of the Complaint itself, not arguments in a Response:

> '[N]ew' allegations contained in the [plaintiff]'s opposition motion ..., are irrelevant for Rule 12(b)(6) purposes.  In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.

Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) (emphasis in original). These allegations do not appear in the actual Complaint.

Next, Plaintiff states:

Defendants have filed numerous documents using the PACER-CM/ECF ("PACER") filing system…. Therefore, Plaintiff is informed and believes, and thereon alleges, that all documents filed by Defendants using PACER were each individual acts of wire fraud, wherein false statements were provided in interstate commerce … for the purpose of carrying out the goals of the racketeering Enterprise as alleged herein…. Plaintiff alleges, that violation of 18 U.S.C. § 1341 and 1343 for mail and wire fraud continues to this day in an open-ended pattern of criminal acts by the actions of the Enterprise in using mail and wire services to transfer information that is

fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

Response at 5-6. Utterly lacking is the who, what, where and when of a single fraudulent representation (let alone the two that are required for RICO, McGowan v. Weinstein, 505 F.Supp.3d 1000, 1011 (C.D. Cal. 2020)). This does not meet the pleading requirements for a RICO wire and mail fraud claim. California Pharmacy, 669 F.Supp.2d at 1159.

Finally, Plaintiff states, "In violation of 18 U.S.C. § 1962(d) … Defendants knowingly, willfully, and unlawfully agreed to facilitate a scheme which included the participation, agreement, operation and/or management of a RICO enterprise through a pattern of racketeering activity…." Response at 6. In addition to failing to meet the pleading requirements, Id., as Plaintiff has failed to allege a substantive RICO count, "the conspiracy cause of action cannot stand." Howard v. America Online Inc., 208 F. 3d 741, 751 (9th Cir. 2000).

IV.   THE STATE LAW CLAIMS HAVE BEEN STRICKEN AND, IN ANY EVENT, PLAINTIFF DOES NOT ADDRESS ANY STATE LAW CLAIM.

On October 19, 2021, this Court entered its Order striking Plaintiff's state law cause of action pursuant to California's Anti-SLAPP Statute. (Dkt. No. 25). As such, these claims are no longer before the Court. Nonetheless, and even assuming

*arguendo* they were, Plaintiff's Response only purports to address the federal RICO causes of action. LOTPR's arguments with respect to the state law causes of action are unopposed, and by failing to address these claims at all, the Court may find that they have been abandoned. Ramachandran v. Best Best & Krieger, 2021 WL 428654, at *9 (N.D. Cal. Feb. 8, 2021); Homsy v. Bank of Am., N.A., 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013); see Jenkins v. County of Riverside, 398 F.3d 1093, 1095, n. 4 (9th Cir. 2005) (finding claims not addressed in opposition to motion for summary judgment abandoned). Even if the state law claims are not deemed abandoned, they fail for the reasons stated in LOTPR's Motion.

WHEREFORE, for the reasons set forth herein, as well as for the reasons set forth in LOTPR's Motion to Dismiss and supporting documentation, LOTPR respectfully requests that Honorable Court issue an Order dismissing Plaintiff's Complaint with prejudice, and ordering such other relief as this Court deems just and proper.

Respectfully submitted,

Dated:  October 26, 2021

*/s/ Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Defendant Law Offices
of Thomas P. Riley, P.C.

## PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On October 26, 2021, I caused to serve the following document entitled: DEFENDANT LAW OFFICES OF THOMAS P. RILEY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Edwin R. Inga (Plaintiff *Pro Se*)

1231 West Blvd. Apt. 303

Los Angeles, California 90019

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 26, 2021, at South Pasadena, California.

Dated: October 26, 2021

*[signature]*

ISABELLA FERNANDEZ