UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | November 9, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:　　　　　　　　Attorneys Present for Defendants:

　　　　　Not Present　　　　　　　　　　　　　　　Not Present

**Proceedings:**　　(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 22]

## I.　INTRODUCTION

On May 17, 2021, Plaintiff Edwin R. Inga ("Plaintiff"), filed a Complaint[1] against Defendants Innovative Sports Management, Inc., d/b/a Integrated Sports Management ("ISM") and Thomas P. Riley Law Offices ("Riley") (collectively "Defendants"). Plaintiff alleges the following claims: (1) violation of 18 U.S.C. §§ 1961(1)(B), 1962(c), 1964(a),(c), 1341, and 1343, Racketeer Influenced and Corrupt Practices Act (RICO); (2) violation of 18 U.S.C. §§ 1961(1)(B), 1962(d), 1964(a),(c), 1341, and 1343, Conspiracy to Violate RICO; (3) violation of C.R.S. 18-17-101 et seq., California Organized Crime Control Act[2]; (4) Abuse of Process; (5) Civil Conspiracy; and (6) Fraud. On October 19, 2021, the Court struck Plaintiff's third, fourth, fifth, and sixth claims pursuant to California's Anti-SLAPP law. The only claims that remain are Plaintiff's RICO claims.

Presently before the Court is Riley's Motion to Dismiss Plaintiff's remaining claims ("Motion"). For the following reasons, the Court **GRANTS** Riley's Motion.

---

[1]　The Court notes that Plaintiff apparently copied part of the language in his Complaint from a brief in a different case based on similar allegations but different laws, and that Plaintiff failed to substitute all of the correct names and statutes into his Complaint.

[2]　The Court also notes that Plaintiff cites a Colorado statute and there does not appear to be a California statute called "California Organized Crime Control Act." However, it is unnecessary to address this discrepancy, as the Court struck this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | November 9, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

### II.   FACTUAL BACKGROUND

Plaintiff is the owner and operator of the commercial establishment Tombo Loco Peruvian Restaurant ("Tombo Loco") in Los Angeles, California. Defendant ISM is a commercial distributor and licensor of sporting events and, in this capacity, helps market, advertise, promote, administer, and transmit sporting events. (Mot. to Dismiss., Ex. 1, ¶ 15, ECF No. 22.) In 2019, ISM sued Plaintiff in federal court, alleging that Plaintiff directed or permitted Tombo Loco to illegally broadcast the Peru v. Croatia international soccer game and that ISM had exclusive distribution rights to the game ("Original Action"). The Original Action, which the parties are currently litigating, alleges the following claims: (1) unauthorized publication or use of communications; (2) unauthorized reception of cable service; (3) conversion; and (4) unfair competition. Defendant Riley is the law firm representing ISM in the Original Action.

In the current action, Plaintiff alleges that Defendants have formed a criminal enterprise that files fraudulent lawsuits, based on false allegations, and that Defendants have made false assertions while litigating these lawsuits. Plaintiff claims that Defendants know that for most of the businesses Defendants sue, it is easier and cheaper for those businesses to settle rather than to litigate, and, therefore, Defendants take advantage of these small businesses. Plaintiff asserts that at the time of filing his Complaint, Defendants have sued approximately 200 businesses for copyright violations.

### III.   JUDICIAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Col*, 80 F.3d 336, 337–38 (9th Cir. 1996). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### IV.   DISCUSSION

Riley argues that Plaintiff's first and second claims under RICO fail to state plausible claims for relief. The Court agrees, and addresses each claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | November 9, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

**A.      Claim 1 – RICO (18 U.S.C. §§ 1961(1)(B), 1962(c), 1964(a),(c), 1341, and 1343)**

RICO prohibits an entity from "conducting or participating in the conduct of an enterprise through a pattern of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 483 (1985) (citing 18 U.S.C. § 1962(c)). To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496. Racketeering activity requires the existence of a predicate act. *Eclectic Props*, 751 F.3d at 997. In this case, the predicate acts that form the basis of the RICO claim are mail and wire fraud under 18 U.S.C. § 1341 and § 1343. To state a claim for mail and wire fraud, the plaintiff must show (1) the formation of a scheme to defraud; (2) the use of the mails or wires in furtherance of that scheme; and (3) the specific intent to defraud. *Id.*

With respect to the predicate act, Plaintiff alleges that Defendants instituted actions based on "false assertions regarding allegations of Federal copyrights law . . . false allegations of injury, and false allegations of standing to collect quick settlements from California businesses and citizens." (Compl. ¶¶ 5 and 13.) Plaintiff further claims that Defendants used the U.S. Mail and wire services to submit documents related to litigation that contained false and fraudulent information. (*Id.* ¶ 70, 79-80.)

Plaintiff's RICO claim fails, however, because Plaintiff has not plausibly alleged facts showing Defendants had the requisite specific intent to defraud. Based on the allegations set forth by Plaintiff, specific intent to defraud can be established only by showing that Defendants knew they could not legally prevail on the lawsuits, but filed and maintained the lawsuits anyway. Nowhere does Plaintiff allege these facts. Nor is there reason to believe that Plaintiff could plausibly allege such facts. In fact, in his complaint, Plaintiff admits that he and a friend were watching the Peru v. Croatia soccer game in his restaurant. Contrary to Plaintiff's assertions, it is insignificant whether Plaintiff ultimately prevails on his defense in the underlying action. The fact that the game was being broadcast at Plaintiff's public establishment undercuts his ability to reasonably allege that Defendants intentionally filed these lawsuits knowing they could not legally prevail on their claims. Therefore, Plaintiff's claim is woefully deficient, and fails to satisfy the *Iqbal & Twombly* pleading standard with respect to the predicate act.[3]

---

[3] Additionally, the Court notes that Plaintiff has not alleged any facts that indicate Defendants defrauded him. In his complaint, Plaintiff alleges that Defendants participated "in the preparation, drafting, filing and prosecution of USC CODE lawsuits based on falsities in verified complaints." (Compl. ¶ 62.) At most, however, these allegations, alone, show only that Plaintiff (and others) were victims of frivolous lawsuits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04146-RGK-SHK | Date | November 9, 2021 |
|---|---|---|---|
| Title | *Edwin R. Inga v. Innovative Sports Management* | | |

**B.** **Claim 2: Conspiracy to Violate RICO (U.S.C. §§ 1961(1)(B), 1962(d), 1964(a),(c), 1341, and 1343)**

To state a claim for RICO conspiracy under 18 U.S.C. § 1962(d), a plaintiff must adequately plead a substantive violation of RICO. *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Here, because Plaintiff fails to adequately plead a substantive violation of RICO, the Court also dismisses Plaintiff's RICO conspiracy claim under § 1962(d).

**V.** **CONCLUSION**

For these reasons, the Court **GRANTS** Riley's Motion. Additionally, court records show that Plaintiff has not served Defendant Innovative Sports Management. The deadline to do so has long since passed. Therefore, the Court hereby **dismisses** Innovative Sports Managements and any other unserved defendants.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | jre | |